IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) CA: 4:10-CV-701 |
| Plaintiff, | ) |
| v. | ) |
| M. MARK McADAMS and R. DANE FREEMAN, | ) |
| Defendants. | ) |

### ORDER OF PERMANENT INJUNCTION AGAINST DEFENDANT M. MARK McADAMS, AND OTHER RELIEF

Plaintiff Securities and Exchange Commission ("Commission"), having filed its Complaint herein, and defendant M. Mark McAdams ("McAdams"), having entered a general appearance, having admitted the in personam jurisdiction of this Court over him and the jurisdiction of this Court over the subject matter of the action, having waived entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure, without admitting or denying the allegations of the Commission's Complaint, except as to jurisdiction and venue which he admits, and having consented to the entry of this Order of Permanent Injunction and Other Relief and the Court being fully advised in the premises;

## I.

### FRAUD IN VIOLATION OF SECTION 17(a)(1) OF THE SECURITIES ACT

**IT IS HEREBY ORDERED** that defendant McAdams, his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, be and they hereby are permanently restrained and enjoined from, directly or indirectly employing any devices, schemes or artifices to defraud purchasers of such securities in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1).

## II.

### FRAUD IN VIOLATION OF SECTIONS 17(a)(2) AND 17(a)(3) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED** that defendant McAdams, his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, in connection with the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, be and they hereby are permanently restrained and enjoined from, directly or indirectly

(1) obtaining money or property by means of untrue statements of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(2) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchasers

in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act OF 1933, 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3).

## III.

## FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

IT IS FURTHER ORDERED that defendant McAdams, his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, be and they hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security by use of any means or instrumentality of interstate commerce or of the mails, or by use of any facility of any national securities exchange, under Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"):

1. employing any device, scheme, or artifice to defraud;

2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3. engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant McAdams shall pay disgorgement and pre-judgment interest in amounts to be resolved upon motion of the Commission at a later date. For purposes of disgorgement and pre-judgment interest, the allegations of the Commission's complaint shall be deemed to be true, and McAdams may not, by way of defense, contend that disgorgement and pre-judgment interest should not be imposed. In the event that McAdams, pursuant to sworn financial statement, is incapable of payment, disgorgement and pre-judgment interest may be waived or partially waived by the Commission, in its discretion.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant McAdams shall pay a civil penalty in an amount to be resolved upon motion of the Commission at a later date. For purposes of the civil penalty, the allegations of the Commission's complaint shall be deemed to be true, and McAdams may not by way of defense contend that a civil penalty should not be imposed. In the event that McAdams, pursuant to sworn financial statement, is incapable of payment, the Commission, in its discretion, may seek not to impose a civil penalty.

## VI.

**IT IS FURTHER ORDERED** that the Commission may continue to take discovery in this matter, as it relates to the tracking of investor funds, and/or the disgorgement, prejudgment interest and civil penalties that may be imposed against Defendant McAdams.

## VII.

**IT IS FURTHER ORDERED** that this Order does not preclude the Commission from seeking disgorgement and prejudgment interest and the imposition of civil penalties, or other relief, in this action.

## VIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this matter for all purposes, including implementing and enforcing the terms of this Order, and may order further relief that this Court deems appropriate under the circumstances.

**SO ORDERED**.

TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

September 21, 2010
Florence, South Carolina