UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) )  Civil Action No.: 4:10-cv-0701-TLW-TER |
| Plaintiff, | ) ) ) |
| -vs- | ) ) )  **REPORT AND RECOMMENDATION** |
| M. MARK McADAMS and DANE FREEMAN; | ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**I.     INTRODUCTION**

In this action, Plaintiff alleges that Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) by engaging in the fraudulent offer and sale of securities.  Plaintiff is proceeding pro se.  Presently before the Court is Plaintiff's Motion to Strike Defendant R. Dane Freeman's Answer and for Entry of Default Judgment (Document # 117) pursuant to Rule 37, Fed.R.Civ.P.  Plaintiff has failed to file a Response to the Motion.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.  This Report and Recommendation is entered for review by the district judge.

**II.     PROCEDURAL HISTORY**

Freeman was served with the Complaint on September 23, 2010 and filed a pro se Answer (Document # 38) on October 7, 2010.  Counsel subsequently made an appearance on Freeman's behalf.  On May 19, 2011, Plaintiff took Freeman's deposition. At that deposition, Freeman agreed to produce several documents.  After waiting several months to receive those documents, the Commission chose to serve Mr. Freeman with Interrogatories and Requests for Production on August

2, 2011.  See Motion to Compel (Document # 103) at p. 2.

Within a month of Plaintiff serving discovery requests on Freeman, his attorney filed a Motion to Withdraw as Counsel (Document # 76) citing an "irreconcilable impasse." Freeman's attorney notified Freeman of his intent to file the Motion and served him with a copy of the Motion. Counsel for Freeman notified Freeman that the Court had scheduled a hearing on the Motion to Withdraw as Counsel and directed that Freeman attend the hearing. See Letter (Document # 94). Freeman failed to attend the hearing, object to counsel's Motion, or respond to counsel's attempts to contact him. See Order (Document # 96). Counsel also provided the court with Freeman's last known address. See id. The Court granted counsel's Motion to Withdraw by Order (Document # 96) dated January 11, 2012, and warned Freeman that if he chose to proceed pro se he would be solely responsible for defending Plaintiff's claims against him, abiding by the rules and orders of the Court, and notifying the Clerk if his address changed for any reason.

At the time of the Court's Order, more than five months had passed since Plaintiff served Freeman with its discovery requests. See Motion to Compel (Document # 103). After attempting to elicit Freeman's cooperation, Plaintiff moved to compel responses to its discovery requests on January 31, 2012. Id. Freeman did not file a Response to the Motion to Compel. The court entered an Order granting the Motion to Compel and directing Freeman to respond to Plaintiff's discovery requests within fourteen days of the date of the Order. In addition, the Court warned Freeman that a failure to abide by the Order could result in sanctions, including striking his Answer and holding him in default. Order (Document # 111). Freeman has failed to comply with the Order granting the Motion to Compel.

The Orders granting counsel's Motion to Withdraw and Plaintiff's Motion to Compel, as well as an Amended Scheduling Order, were mailed to Freeman at the address provided to the Court by counsel, which he represented to be Freeman's last known address. The Orders were returned to the

Court as undeliverable.[1]  See Docket Entries # 106, 108, 115.

Plaintiff subsequently filed the present Motion to Strike Defendant R. Dane Freeman's Answer and for Entry of Default Judgment (Document # 117).  As noted above, Freeman has failed to respond to the Motion.

### III.   DISCUSSION

Plaintiff seeks sanctions in the form of striking Freeman's Answer and entering default judgment for Freeman's failure to respond to discovery or otherwise participate in this action.  The Court has authority to sanction a party for failure to comply with the discovery process pursuant to Rule 37(d), Fed.R.Civ.P., which provides, in relevant part,

> If a party . . . fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Paragraphs (A), (B), and (C) of subdivision (b)(2) set forth the available sanctions:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings

---

[1] Plaintiffs also had trouble locating Freeman to serve him with the Summons and Complaint.  See Motion for Service by Publication (Document # 29).  However, prior to a ruling on the Motion for Service by Publication, Freeman filed an Answer pro se and later retained counsel.

      until the order is obeyed, or dismissing the action or proceeding or any part thereof,
      or rendering a judgment by default against the disobedient party.

Rule 37(b)(2), Fed.R.Civ.P.

      To impose sanctions under Rule 37, a court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir.2001).

      All of the Orders entered in this case since Freeman's counsel was relieved have been returned to the court as undeliverable. As a pro se litigant, it is Freeman's responsibility to provide the court with his current address. The undersigned recognizes that the Order directing Freeman to keep the court advised of his current address is one of the Orders that was returned as undeliverable. Nevertheless, Freeman's inattention to this case began before he became a pro se litigant. Freeman's counsel notified him of his Motion to Withdraw as counsel and, when a hearing was scheduled on the Motion, counsel notified Freeman by email and certified letter that his attendance at the hearing was required by the court. Yet, Freeman failed to appear at the hearing. Had Freeman appeared at the hearing as required, he would have been notified in person of his responsibilities for proceeding with this case without counsel and could have objected to his counsel's request to withdraw had he so desired. Thus, while the court recognizes that Freeman may be unaware of the Orders referenced above, the undersigned is constrained to recommend a finding that Freeman's failure to act was in bad faith. Freeman was aware of his attorney's request to be relieved as the direction from the court that he attend the hearing. See Letter (Document # 94). Freeman originally appeared pro se in this action and the address he provided the court at that time is the same as the address provided to the court by his attorney upon his relief as counsel.

      In addition, Freeman's non-compliance with discovery and with Orders of this court has

-4-

caused prejudice to Plaintiff in this action. Freeman's actions prevent Plaintiff from discovering the relevant facts of the case and preparing its prosecution of the case. Discovery is an essential part of the litigation process. It allows a party to gather facts and gain an understanding of the opposing party's view of the case, among other things. Plaintiff represents in its Motion that it has expended significant time and resources to attempting to elicit responses to its discovery requests, attempting to confer with Freeman, drafting and filing motions to amend the scheduling order to accommodate Freeman, and seeking orders from the court to compel responses to its discovery requests. Because of the importance of discovery to any litigation, the need to deter of this kind of conduct is great.

Finally, because Freeman appears to be abandoning or ignoring his responsibilities in this action, less drastic sanctions would not be effective. Striking Freeman's Answer and entering default is appropriate.

**IV.    CONCLUSION**

For the reasons discussed above, it is recommended that Plaintiff's Motion to Strike Defendant R. Dane Freeman's Answer and for Entry of Default Judgment[2] (Document # 117) be granted, his Answer be stricken, and default entered as to Freeman.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 4, 2013  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[2] Although Plaintiff entitles its Motion as one for default judgment, it does not set forth within the Motion the judgment that it is seeking. Therefore, this recommendation is limited to striking Freeman's Answer and entering default against him pursuant to Rule 55(a), Fed.R.Civ.P.