IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Securities and Exchange Commission, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:10-cv-0701-TLW-TER |
| | ) | |
| | ) | |
| M. Mark McAdams and | ) | |
| R. Dane Freeman, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# ORDER

The Clerk of the Court, having entered default against defendant R. Dane Freeman ("defendant Freeman") on January 15, 2013 pursuant to Fed. R. Civ. P. 55(a) (Doc. #132); the Plaintiff, the Securities and Exchange Commission (the "Commission"), having filed a Motion for Entry of Default Judgment against defendant Freeman pursuant to Fed. R. Civ. P. 55(b)(2), as well as a comprehensive supporting Memorandum of Law (Doc. #138); and for good cause shown, the Court orders the entry of default judgment against defendant Freeman:

**I.**

**IT IS HEREBY ORDERED** that defendant R. Dane Freeman and defendant Freeman's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (the "Securities Act")[1] in the offer or sale of any security by the use of any

---

[1] That section states:

1

means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS FURTHER ORDERED** that defendant R. Dane Freeman and defendant Freeman's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "Exchange Act")[2] and

---

It shall be unlawful for any person in the offer or sale of any securities . . . by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly
(1) to employ any device, scheme, or artifice to defraud; or
(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
(3) to engage in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser.

Securities Act of 1933 § 17(a), 15 U.S.C. § 17q(a).

[2] That section states:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5,[3] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS FURTHER ORDERED** that defendant R. Dane Freeman is jointly and severally liable with defendant M. Mark McAdams for disgorgement of $3,500,000.00, representing moneys gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $787,794.28, for a total of $4,287,794.28.

---

Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b).

[3] That Section states:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Rule 10b–5, 17 C.F.R. § 240.10b–5.

**IT IS FURTHER ORDERED** that defendant R. Dane Freeman shall pay a third-tier civil penalty[4] in the amount of $120,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 17t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Defendant R. Dane Freeman shall satisfy these obligations by paying these amounts to the Securities and Exchange Commission within thirty (30) days after the date of entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon defendant's request. Payment may also be made directly from a bank account via Pay.gov, accessible through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying R. Dane Freeman as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Securities and Exchange Commission's attorneys in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds

---

[4] The Court finds that defendant R. Dane Freeman's violations of the Securities Act and the Exchange Act involved fraud and deceit and created a significant risk of substantial loss to other persons. See Section 20(d) of the Securities Act, 15 U.S.C. § 17t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce this Court's Order for disgorgement and prejudgment interest through collection procedures authorized by law after thirty (30) days following the entry of this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IV.**

The Motion of Plaintiff, the Securities and Exchange Commission, for Default Judgment against Defendant R. Dane Freeman is hereby **GRANTED**. (Doc. #138). There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to enter this Final Judgment against defendant R. Dane Freeman forthwith and without further notice.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

February 28, 2013
Columbia, South Carolina