IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Securities and Exchange Commission, )<br>)<br>         Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>M. Mark McAdams and )<br>R. Dane Freeman, )<br>)<br>         Defendants. )<br>_____ ) | Civil Action No.: 4:10-cv-00701-TLW-TER |

**ORDER**

The Court, having entered an Order of Permanent Injunction and Other Relief against defendant M. Mark McAdams ("defendant McAdams") on September 22, 2010 (Doc. #36), pursuant to defendant McAdams's Stipulation and Consent (Doc. #27; #27-1); the Plaintiff, the Securities and Exchange Commission (the "Commission"), having filed a Motion for Final Judgment against defendant McAdams, as well as a comprehensive supporting Memorandum of Law (Doc. #144; #144-1); and for good cause shown, the Court hereby enters Final Judgment, in accordance with the Order of Permanent Injunction and Other Relief (Doc. #36),[1] against defendant M. Mark McAdams:

---

[1] On May 7, 2010, the Commission filed a Stipulation and Consent of Defendant M. Mark McAdams to an Order of Permanent Injunction and Other Relief. (Doc. #27; #27-1). In that Stipulation and Consent document, Defendant McAdams admitted to the in personam jurisdiction of this Court over him, admitted to the jurisdiction of this Court over the subject matter of the above-captioned action, and, further, defendant McAdams waived entry of findings of fact and conclusions of law, pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure, without admitting or denying the allegations of the Commission's Complaint, except as to jurisdiction and venue, which he admitted. (Doc. #27; #27-1). In the Stipulation and Consent, defendant McAdams consented to the entry of an Order of Permanent Injunction and Other Relief. (Doc. #27; #27-1). As set forth in defendant McAdams's consent (Doc. #27):

> McAdams agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]

1

## I.

**IT IS HEREBY ORDERED** that defendant M. Mark McAdams and defendant McAdams's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), (the "Securities Act")[2] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

---

and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. McAdams further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from the date of the first fraudulent offering as alleged in the Complaint, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). McAdams further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) McAdams will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) McAdams may not challenge the validity of this Consent or the Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court.

On September 22, 2010, this Court entered an Order of Permanent Injunction against defendant M. Mark McAdams, and Other Relief (the "September Order against defendant McAdams") enjoining defendant McAdams from violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. (Doc. #36). The Court's September Order against defendant McAdams is incorporated by reference herein as though fully set forth.

[2] That section states:

It shall be unlawful for any person in the offer or sale of any securities . . . by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly
(1) to employ any device, scheme, or artifice to defraud; or
(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
(3) to engage in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser.

Securities Act of 1933 § 17(a), 15 U.S.C. § 17q(a).

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS FURTHER ORDERED** that defendant M. Mark McAdams and defendant McAdams's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), (the "Exchange Act")[3] and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5,[4] by using any means or

---

[3] That section states:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b).

[4] That Section states:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Rule 10b–5, 17 C.F.R. § 240.10b–5.

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS FURTHER ORDERED** that defendant M. Mark McAdams is jointly and severally liable with defendant R. Dane Freeman for disgorgement of $3,500,000.00, representing moneys gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $787,794.28, for a total of $4,287,794.28.

**IT IS FURTHER ORDERED** that defendant M. Mark McAdams shall pay a third-tier civil penalty[5] in the amount of $120,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 17t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Defendant M. Mark McAdams shall satisfy these obligations by paying these amounts to the Securities and Exchange Commission within thirty (30) days after the date of entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon defendant's request. Payment may also be

---

[5] The Court finds that defendant M. Mark McAdams's violations of the Securities Act and the Exchange Act involved fraud and deceit and created a significant risk of substantial loss to other persons. See Section 20(d) of the Securities Act, 15 U.S.C. § 17t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

made directly from a bank account via Pay.gov, accessible through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying M. Mark McAdams as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Securities and Exchange Commission's attorneys in this action.  By making this payment, defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce this Court's Order for disgorgement and prejudgment interest through collection procedures authorized by law after thirty (30) days following the entry of this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### IV.

The Motion of Plaintiff, the Securities and Exchange Commission, for entry of Final Judgment setting disgorgement, prejudgment interest, and civil penalties amounts against

Defendant M. Mark McAdams is hereby **GRANTED**. (Doc. #144). The Clerk is directed to close the above-captioned case.

    **IT IS SO ORDERED.**

s/ Terry L. Wooten  
TERRY L. WOOTEN  
Chief United States District Judge

February 28, 2013  
Columbia, South Carolina